```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

```
MARIE M. MATHIEUX,                :
                                  :    HONORABLE JOSEPH E. IRENAS
          Plaintiff,              :
                                  :    CIVIL ACTION NO. 05-3551 (JEI)
     v.                           :
                                  :
BALLY'S ATLANTIC CITY,            :         OPINION
also knows as BALLY'S,            :
                                  :
          Defendant.              :
```

**APPEARANCES:**

BELIZAIRE and ASSOCIATES PA
By: Landry Belizaire, Esq.
599 Bloomfield Avenue
P.O. Box 1410
Bloomfield, NJ 07003-1410
          Counsel for Plaintiff.


COOPER LEVINSON APRIL NIEDELMAN & WAGENHEIM, P.A.
By: Anthony A. Swan, Esq. and Russell L. Lichtenstein, Esq.
1125 Atlantic ave
Third Floor
Atlantic City, NJ 08401-4891
          Counsel for Defendant.

**IRENAS**, Senior District Judge:

     Plaintiff Marie M. Mathieux ("Mathieux") brings this negligence action against Defendant Bally's Atlantic City ("Bally's"), alleging that Defendant carelessly and improperly placed a rug on the floor of its casino, causing Plaintiff to trip and fall, thereby sustaining serious injuries.  This Court

                                1

has diversity jurisdiction under 28 U.S.C. § 1332. Defendant moves for Summary Judgment pursuant to Fed. R. Civ. P. 56(c). For the reasons that follow, the motion will be denied.

**I.**

Early in the morning of May 30, 2005, Plaintiff Marie M. Mathieux, age 49, a resident of Long Island, New York, was gambling at Bally's Casino in Atlantic City, New Jersey.  After briefly exiting the casino to take a break from her gaming, Mathieux returned to the casino.  Upon re-entering the casino, Mathieux took several steps towards her left, walking across a rug, approximately 4' by 3' in size, which was placed directly in front of the doorway through which she entered.[1] [2] Mathieux then turned back the opposite direction and walked approximately two or three more steps, at which point she tripped and fell on the rug which she had walked across seconds before. Mathieux alleges that the rug was improperly affixed to the floor of the casino and "folded," which caused her foot to become wedged under the rug, causing her to fall. Following the incident, Bally's staff administered pain medication and ice packs to Mathieux for her

---

[1] Bally's has submitted to the Court a video surveillance CD-ROM showing plaintiff's trip and fall. The Court relies on this video in recounting the facts of the incident.

[2] Mathieux recalls the rug as being 4' by 3' in size, although it appears to be longer and more narrow on Bally's surveillance tape. It is impossible to tell the precise size of the rug from the video surveillance.

injuries. Mathieux was then transported by ambulance to Atlantic City Medical Center where she was treated and released.

Mathieux's injuries from the fall have allegedly persisted. She reports numbness in her left arm, pain upon moving that arm, significant neck pain, and pain and incapacitation of her right knee, leaving her to be unable to work or to perform her usual physical activities. Mathieux remains under the care of a physician in Long Island, who has reportedly informed her that her injuries are of a permanent nature. She seeks monetary damages from Bally's in the amount of five million dollars and costs associated with suit.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but

to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*). "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322; Fed. R. Civ. P. 56(e) (A party opposing summary judgment cannot rest upon the "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial.").

4

## III.

Under New Jersey law, a cause of action founded upon negligence requires that the plaintiff prove four elements: (1) duty of care, (2) breach of duty, (3) proximate cause, and (4) actual damages. *Weinberg v. Dinger*, 106 N.J. 469, 484 (1987). Therefore, in order to prevail on her negligence claim against Bally's, Mathieux must prove: (1) that Bally's owed to her a duty of reasonable care; (2) that Bally's breached this duty of reasonable care due to the existence of the alleged fold in its rug; (3) that the alleged fold in Bally's rug was the proximate cause of her injuries; and (4) that she suffered actual damages resulting from her trip and fall.

Bally's is not entitled to summary judgment because questions of material fact exist as to the second element of Mathieux's negligence claim -- whether Bally's breached its duty of reasonable care. In New Jersey, shopkeepers are required to warn their business invitees of hazardous conditions which they knew of, or should have known of. *Maisonave v. Newark Bears Prof'l Baseball Club, Inc.*, 185 N.J. 70, 77 (2005). The question, then, in the instant matter is whether the rug on which Mathieux tripped and fell may constitute an unreasonably dangerous condition.

The record raises questions of material fact as to whether the rug on which Mathieux tripped and fell constituted an

5

unreasonably dangerous condition.  Plaintiff alleges that the rug on which she tripped was folded.  Although Bally's denies this claim, the Court must accept plaintiff's allegation as true for purposes of summary judgment.[3]  Additionally, the rug was placed immediately in front of a heavily trafficked entrance to Bally's casino.  These facts or alleged facts raise questions as to whether the rug was adequately affixed to the floor of the casino to accommodate a high volume of pedestrian traffic, questions as to the quality of the rug, and questions as to whether the rug was sufficiently monitored for hazardous changes, such as folding, which might occur to it over time through continued wear.  It is therefore uncertain whether Bally's took reasonable, prudent precautions to protect its visitors from harm.  In other words, there exists issues of material fact as to whether the rug on which Mathieux tripped and fell constituted an unreasonably dangerous condition.

   Accepting, as the Court must for summary judgment purposes, the facts as Mathieux claims them to be, there exists facts which could potentially create a reasonable inference in the minds of jurors that a hazard of a tortious character was created by Bally's.  Bally's Motion for Summary Judgment will be denied.

---

[3] Bally's has submitted to the Court a video surveillance CD-ROM showing plaintiff's trip and fall. It cannot be discerned by watching this video whether the rug was or was not folded as plaintiff claims.

**IV.**

For the foregoing reasons, Bally's Motion for Summary Judgment will be denied.  The Court will issue an appropriate order.


Date: November 1 , 2006

                                           s/ Joseph E. Irenas
                                           JOSEPH E. IRENAS, S.U.S.D.J.