IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIE M. MATHIEUX,<br><br>     Plaintiff,<br><br>  v.<br><br>BALLY'S ATLANTIC CITY,<br><br>     Defendant. | Civil No. 05-3551 (JEI) |

**OPINION AND ORDER**

      This matter is before the Court on plaintiff's Motion for Enlargement of Time to Conduct Discovery filed on November 23, 2006 [Doc. No. 22].  Plaintiff requests leave to serve interrogatories and to take a deposition(s) of defendant on liability issues.  Defendant opposes plaintiff's motion [Doc. No. 24]. For the reasons to be discussed, the Court will grant plaintiff's motion but only insofar as it relates to medical evidence to support plaintiff's damage claim.  Plaintiff is barred from conducting any additional liability discovery.

      Plaintiff's complaint was filed on July 11, 2005. Plaintiff alleges that defendant negligently caused her to fall at its casino on May 30, 2005.  Since its inception, this case was closely managed by the Honorable Joel B. Rosen, U.S.M.J., and now by this Court.  On January 18, 2006 [Doc. No. 8] the Court entered a Scheduling Order setting a discovery end date of August 30, 2006. On July 11, 2006, defendant filed its motion for summary judgment

[Doc. No. 11]. Plaintiff's response [Doc. No. 12] was filed on September 12, 2006. The Court denied defendant's motion on November 1, 2006 [Doc. No. 19]. On or about September 15, 2006, plaintiff served defendant with written discovery requests. Defendant promptly advised plaintiff on September 18, 2006, that it would not answer the discovery because it was untimely and in violation of the Court's Scheduling Order. On November 14, 2006, this Court issued an Amended Scheduling Order setting the Final Pretrial Conference for November 30, 2006 [Doc. No. 20]. On November 15, 2006 defendant advised the Court that he had not yet received plaintiff's portion of the Joint Final Pretrial Order that was due on November 2, 2006. On November 16, 2006, this Court held a telephone conference in this case. It was during this conference that plaintiff informed the Court for the first time that he wanted to conduct discovery after the August 30, 2006 fact discovery deadline.

In support of its motion, plaintiff argues that a discovery extension is necessary due to "circumstances beyond plaintiff's control." Plaintiff also argues she needs to acquire and secure for trial "critical evidence." The only circumstance alleged to be beyond plaintiff's control is that plaintiff had surgery on October 16, 2006, and that she may need additional surgery. Defendant argues that nothing prevented plaintiff from asking for a discovery extension before August 30, 2006.

As to plaintiff's request to conduct late liability discovery, the Court has no hesitation in denying plaintiff's application. In Scopia Mortgage Corp. v. Greentree Mortgage Company, 184 F.R.D. 526, 531 (D.N.J. 1998), the Court indicated that "Fed. R. Civ. P. 16 ... scheduling orders are at the heart of case management." The Court also indicated, quoting from Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986), that if scheduling orders "can be disregarded without a specific showing of good cause, their utility will be severely impaired." Scopia Mortgage Corp., 184 F.R.D. at 531. See also, Oritani Savings & Loan Association v. Fidelity & Deposit Company of Maryland, 744 F. Supp. 1311, 1315 n. 4 (D.N.J. 1990); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463 (D.N.J. 1990).

Plaintiff waited two and one-half months to request additional discovery after the fact deadline passed. Furthermore, plaintiff was put on notice as early as September 18, 2006, that defendant would not provide discovery because the deadline passed. Nonetheless, she still waited two (2) months to advise the Court that she wanted additional discovery. Moreover, when plaintiff filed its reply to defendant's motion for summary judgment she did not argue she needed additional discovery. See, Fed. R. Civ. P. 56(f). This belies plaintiff's argument that the additional liability discovery she seeks is "critical evidence."

Plaintiff's request to conduct damage discovery stands on a

3

different footing.  As to damages, good cause exists to extend the discovery deadline because plaintiff is continuing to receive medical treatment for injuries allegedly sustained in the fall that is the subject of this lawsuit.  It is reasonable for plaintiff to ask for more time to submit a medical expert report since she is scheduled for surgery in December, 2006.  In addition, plaintiff alleges she had surgery on October 16 2005 which was casually related to her May 30, 2005 fall.  Thus, plaintiff has demonstrated good cause to extend the discovery deadline on damage issues. See, Phillips v. Greben, 2006 WL 3069475, at *6 (D.N.J.) 2006) (good cause may be satisfied if the movant shows that its delay stemmed from any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.)

Accordingly, for all the foregoing reasons, it is hereby ORDERED that plaintiff's motion is GRANTED and DENIED IN PART.  Plaintiff is barred from conducting any additional liability discovery.  As to damage discovery, plaintiff must produce her medical expert report by **January 31, 2007.**  If defendant chooses to conduct a medical examination of plaintiff and/or to produce a medical expert report, this must be completed by **February 28, 2007.**  The depositions of the experts must be completed by **March 30, 2007.**

The form Joint Final Pretrial Order (**original and two copies for the court, with sufficient copies for all counsel**), as

signed by all counsel, shall be delivered to the Court at the Final Pretrial Conference on **April 5, 2007 at 3:00 P.M.**  The plaintiff's portion of the proposed order shall be prepared and sent to defense counsel no later than **March 15, 2007.**  Defendant's portion of the proposed order shall be prepared and returned to counsel for plaintiff no later than **March 25, 2007.  FAILURE TO APPEAR AT THIS CONFERENCE WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS.**

**TRIAL COUNSEL MUST APPEAR AT THE FINAL PRETRIAL CONFERENCE UNLESS SPECIFICALLY EXCUSED BY THE COURT.  RULE 16(d), F. R. CIV. P.**

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge