[Doc. No. 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

MARIE M. MATHIEUX,

       Plaintiff,

   v.

BALLY'S ATLANTIC CITY,

       Defendant.

Civil No. 05-3551 (JEI)

---

**OPINION AND ORDER**

This matter is before the Court on plaintiff's Motion for Reconsideration [Doc. No. 30] of this Court's December 15, 2006 Order [Doc. No. 25] granting and denying in part plaintiff's Motion for Extension of Time to Complete Discovery [Doc. No. 22, 23]. As noted in the Order, the Court extended the time for plaintiff to submit a new medical expert report in support of her case, but denied her request to take late liability discovery. The underlying case was filed on July 11, 2005 and arises out of plaintiff's May 30, 2005 fall at defendant's premises. Plaintiff alleges that defendant negligently placed, maintained and/or secured the rug that allegedly caused her fall. For the reasons to be discussed, plaintiff's motion is denied.

Plaintiff's motion is governed by L. R. Civ. P. 7.1(i) which states:

> A motion for reconsideration shall be served and
> filed within 10 business days after the entry of

> the order or judgment on the original motion by the
> Judge or Magistrate Judge.  A brief setting forth
> concisely the matter or controlling decisions which
> the party believes the Judge or Magistrate Judge
> has overlooked shall be filed with the Notice of
> Motion.

A motion for reconsideration is an "extremely limited procedural vehicle."  Resorts International, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Polizzi Meats, Inc. v. Aetna Life & Casualty Company, 931 F. Supp. 328, 338-39 (D.N.J. 1996).  Indeed, reconsideration is "an extraordinary remedy" and is granted "very sparingly."  See also NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  The operative term in Rule 7.1(i) is 'overlooked.'  Resorts International, Inc., 830 F. Supp. at 831 ("Courts in this district have consistently interpreted the word "overlooked" as the dominant term in the Rule").  The purpose of a motion for reconsideration is to correct errors of law or to present "newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985).  The Third Circuit has noted, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."  Id.  See also Damiano v. Sony Music Entertainment, Inc., 975 F. Supp. 623, 634 (1996).  (on a motion for reconsideration, a Court may refuse to consider evidence that was readily available at the time that the original motion was heard).

A motion under Rule 7.1(i) may be granted only if:  (1) there

has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.   In re G-I Holdings, Inc., et al., C.A. No. 02-3082 (SRC), 2006 U.S. Dist. LEXIS 87802, at *3 (D.N.J. Dec. 4, 2006)(quoting Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993)); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).   In this case, plaintiff does not argue there has been an intervening change in the law or that this Court committed an error of law. Instead, plaintiff argues that this Court "overlooked" significant facts when its December 15, 2006 Order was issued.   In plaintiff's original motion she argued good cause existed for late discovery because of recent developments regarding her medical condition. Plaintiff now alleges that from July 2005 through April 2006, there was "confusion" regarding whether plaintiff's current counsel or another lawyer represented plaintiff.   In addition, plaintiff alleges that "around the end of July 2006" through "about September 15, 2006" plaintiff's counsel was distracted by his father's emergency surgery.   Contrary to plaintiff's argument, however, these facts could not have been "overlooked" by the Court for the simple reason that they were not raised by plaintiff and brought to the Court's attention.   Rather than being overlooked, plaintiff's present motion raises facts that were available when her initial

motion was filed on November 23, 2006, but which were presented for the first time in her motion for reconsideration. Since the alleged "overlooked" facts were unquestionably available to plaintiff when she filed her original motion, it is not appropriate for this Court to now consider plaintiff's new arguments. Accordingly, plaintiff's motion should be denied. See Harsco Corp., 779 F.2d at 909 (the District Court appropriately did not consider facts raised in a motion for reconsideration that were available but not raised when the original motion was filed); Polizzi Meats, Inc., 931 F. Supp. at 339 (if plaintiff's counsel chose not to include available facts in her original motion, it cannot now ask the court to consider them on a motion for reconsideration); Rastelli Brothers, Inc. v. Netherlands Insurance, 68 F. Supp. 2d 448, 449-50 (D.N.J. 1999) ("[a]rguments overlooked by counsel (as opposed to those overlooked by the Court) are not a proper basis for reargument"); Resorts International, Inc., 830 F. Supp. at 831 n. 3 (courts are "bound not to consider such new materials, lest the strictures of our reconsideration rule erode entirely")(emphasis in original); Bowers v. NCAA, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)(motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers")(emphasis in original).

Moreover, even if this Court reconsidered its decision in

4

light of plaintiff's new arguments, this would not change the Court's ruling. None of the arguments raised by plaintiff evidence "good cause" to extend the deadlines in the Court's January 18, 2006 Scheduling Order [Doc. No. 8]. There is no dispute plaintiff was aware as early as January 2006 that the discovery deadline expired in August 2006. Further, since the inception of the case, plaintiff has had the same counsel of record and therefore there was no confusion as far as the court is concerned about who represented plaintiff. In addition, as noted in this Court's December 21, 2006 Opinion, plaintiff's July 11, 2006, reply [Doc. Nos. 12, 13] to defendant's unsuccessful motion for summary judgment did not argue that more discovery was needed.[1]

Plaintiff attempts to foist the blame for her inaction on defense counsel when she argues that defendant's silence after her written discovery was served in September 2006 led her to believe that the discovery would be answered. (See Certification of Counsel, ¶15). Plaintiff's argument is not supported by the facts since defendant advised plaintiff in a September 18, 2006 letter that it would not answer plaintiff's discovery because it was untimely and in violation of the Court's Scheduling Order. It was

---

1. Plaintiff's reply brief (p.9) argued: "it is clear that Plaintiff tripped and fell because her foot was caught under the rug along the entrance-way as she attempted to walk into the casino. Plaintiff further testified that the rug was not laid on the ground in a flat position. This obviously created a dangerous condition whereby someone's foot could easily be caught under the rug, and serious injuries could result."

not until the eve of the due date for the filing of the joint final pretrial order that plaintiff raised with this Court for the first time that she needed additional discovery.  This request was made two and one-half months after the discovery deadline passed, and two months after plaintiff's counsel was no longer distracted by a family illness.  Plaintiff's request was also made after she did not prepare her portion of the final pretrial order as required in the Court's June 13, 2006 Scheduling Order. [Doc. No. 10].

This is not an instance where plaintiff is asking the Court for more time to complete discovery she started.  Instead, sixteen (16) months after she filed her complaint plaintiff seeks leave to start liability discovery from "ground zero."  Plaintiff now wants to serve basic interrogatories and take depositions of representatives of defendant.  Quite simply, therefore, no facts exist to support plaintiff's argument that there is "good cause" to support her request for leave to take late discovery.  A party's mere disagreement with a Court's decision is not an appropriate ground for reargument.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).

Lastly, this Court does not agree with plaintiff's argument that if her motion for reconsideration is denied, the "imbalance is analogous to forcing Plaintiff to enter into a boxing match with Defendant while Plaintiff is handcuffed and shackled." (See Certification of Counsel, ¶17).  To the contrary, plaintiff had

more than an adequate opportunity to prepare her liability case for trial.  If plaintiff now believes she is not as prepared as she should be,  that responsibility falls squarely on her shoulders.[2] It is also  noteworthy that plaintiff apparently ignores the fact that the applicable rules of civil procedure inure to her benefit. Defendant was never relieved of its obligation to produce adequate disclosures pursuant to Fed. R. Civ. P. 26(a).  If defendant's disclosures are inadequate, which is not addressed in this opinion, this will be appropriately addressed when the Joint Final Pretrial Order is entered or at trial.[3]

For all the foregoing reasons, it is hereby ORDERED this **29th** day of **December, 2006,** that plaintiff's Motion for Reconsideration is DENIED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

2.  For the same reason the Court also disagrees with plaintiff's argument, "In this case, to prohibit Plaintiff from conducting even minimal liability discovery is tantamount to granting Defendant summary judgment even though Judge Irenas has already denied Defendant's summary judgment motion."  See Certification, ¶16.  See also id., ¶18 (if Plaintiff's motion is not granted, "the trial of this matter will be a soliloquy from defense counsel").

3.  Plaintiff argues in its moving papers that it is still waiting for a "working" video of plaintiff's fall which is the subject of this litigation.  If this evidence exists, it is unquestionably relevant and should be produced with defendant's Rule 26 disclosures.  See Fed. R. Civ. P. 26(a) and (e).